# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CHARLES CAMPBELL,**
**Claimant Below, Petitioner**

**FILED**
**January 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 22-ICA-77**      (BOR Appeal No.: 2058020)
                              (JCN: 2014021769)

**DEBRICH, LLC/DUSTER TRUCKING**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles Campbell appeals the July 22, 2022, order of the Workers' Compensation Board of Review ("Board") affirming the decision of the Office of Judges ("OOJ") dated March 17, 2022, which affirmed the claim administrator's order dated February 16, 2021, granting no additional permanent partial disability ("PPD") beyond the prior 4% PPD previously granted in the claim. Respondent Debrich, LLC/Duster Trucking, filed a timely response.[1] Petitioner did not file a reply brief. The issue on appeal is whether the Board erred in affirming the OOJ's decision.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 24, 2014, Mr. Campbell suffered a compensable fracture of the left lateral malleolus when he stepped on a lump of coal on a dock. The fracture did not heal well. At an independent medical evaluation on April 11, 2016, the impression of ChuanFang Jin, M.D. was that Mr. Campbell had a history of distal fibular fracture with non-union and chronic pain syndrome. Although Dr. Jin was not convinced there were sufficient objective signs to diagnose reflex sympathetic dystrophy[2] ("RSD"), she

---

[1] Petitioner is represented by Reginald D. Henry, Esq. and Lori J. Withrow, Esq. Respondent is represented by Daniel G. Murdock, Esq.

[2] Dr. Jin explained that RSD is a type of pain syndrome. RSD is also known as chronic regional pain syndrome and the terms as used in this order are synonymous.

conceded that was a working diagnosis, as found by Timothy Deer, M.D. who was Mr. Campbell's pain physician. Dr. Jin determined that Mr. Campbell had reached maximum medical improvement ("MMI") for the injury. Using the American Medical Association *Guides to the Evaluation of Permanent Impairment*, Fourth Edition (1993), p. 78, Tables 42 and 43, Dr. Jin calculated 4% whole person impairment related to reduced range of motion in the left ankle.

The claim administrator issued an order dated May 19, 2016, granting a 4% PPD award based on Dr. Jin's report. Mr. Campbell protested this order and submitted a report of Bruce Guberman, M.D. dated January 17, 2018, as evidence of greater impairment. Dr. Guberman calculated 9% impairment due to range of motion loss and another 2% impairment related to a saphenous nerve injury for a total of 11% impairment. Ultimately, the Supreme Court of Appeals of West Virginia affirmed an order of the Board that affirmed the 4% award. In its decision, the Court found Dr. Guberman's report was unreliable because it determined "it addresse[d] non-compensable conditions and [did] not correlate with the remainder of the evidence of record." *Campbell v. Debrich, LLC/Duster Trucking,* No. 19-0470, 2020 WL 4384248, at *3 (W. Va. July 31, 2020) (memorandum decision).

While litigation protesting the claim administrator's May 19, 2016, order was pending, the claim administrator issued an order dated January 4, 2019, denying the compensability of complex regional pain syndrome ("CRPS") and causalgia of the lower limb. Mr. Campbell successfully protested this order to the OOJ, and CRPS was ruled compensable, although the diagnosis of causalgia remained denied as it was found to be repetitive.[3]

After the CRPS was held compensable, Mr. Campbell successfully reopened his claim for consideration of additional PPD benefits. The claim administrator referred Mr. Campbell to Dr. Mukkamala for another evaluation. In his report dated January 25, 2021, Dr. Mukkamala opined that Mr. Campbell did not have more than the 4% PPD previously awarded in the claim. Dr. Mukkamala observed that the compensable conditions in the claim now included CRPS in the left lower extremity. Dr. Mukkamala noted Dr. Deer's diagnosis of CRPS in 2016, and that Dr. Deer continued to treat Mr. Campbell for CRPS, type 1. Further, Dr. Mukkamala noted that in February 2018, Dr. Hanif diagnosed RSD. Nonetheless, Dr. Mukkamala expressed his disagreement with the diagnosis because he

---

[3] Additional litigation of a claim administrator's order dated November 4, 2020, which denied various treatments and medications, was eventually affirmed by the Supreme Court of Appeals in *Campbell v. Debrich, LLC/Duster Trucking*, No. 20-0948, 2022 WL 294102, at *4 (W. Va. Feb. 1, 2022) (memorandum decision). Although the Court affirmed the denial of treatment, it noted that "Mr. Campbell's course of recovery from his compensable injury has not been optimal…."

found a lack of objective medical evidence such as atrophy, swelling, or other pathology to support a diagnosis of CRPS. Dr. Mukkamala performed a range of motion examination and found 4% whole person impairment related to loss of range of motion in the left ankle and hind foot. Thus, Dr. Mukkamala did not find more than the 4% PPD which was previously awarded.

In his review of Dr. Guberman's October 29, 2020, report, Dr. Mukkamala remarked that he found less range of motion loss than that found by Dr. Guberman. The report of Dr. Guberman was submitted into the record below. According to Dr. Guberman, Mr. Campbell reported that he remained sensitive to cold and heat, touch, and pressure throughout his left ankle and the back of his calf. Mr. Campbell also reported that he was still under Dr. Deer's care, and he described swelling at times and a pink/purple discoloration in the ankle area. Based on his examination of Mr. Campbell, Dr. Guberman determined there was 8% impairment related to a loss of range of motion in the left ankle and hindfoot. Dr. Guberman concluded that Mr. Campbell's range of motion had worsened over the last one to two years and he recommended an additional award of 4% PPD for the injury.

By order dated February 16, 2021, the claim administrator granted no additional PPD based upon the January 25, 2021, report of Dr. Mukkamala.[4] Mr. Campbell protested this order. The OOJ's decision dated March 17, 2022, affirmed the order after considering the reports of Drs. Guberman and Mukkamala from 2020 and 2021, respectively. The OOJ found that Mr. Campbell received only palliative treatment for the injury during the interim two years, and it questioned Dr. Guberman's finding that Mr. Campbell's impairment had doubled when so little treatment was required. The decision said that the logical conclusion was that Dr. Guberman's range of motion studies were not reproducible, whereas Dr. Mukkamala's findings were reasonably substantiated throughout the record. By order dated July 22, 2022, the Board adopted the findings of fact and conclusions of law and affirmed the OOJ's decision. Mr. Campbell now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

---

[4] A typographical error in the claim administrator's order referred to Dr. Mukkamala's report under the date of "January 25, 2020," instead of the correct date of January 25, 2021.

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, Mr. Campbell argues that the Board erred in affirming the OOJ's decision. Mr. Campbell disputes the finding that he had no more than 4% PPD resulting from the compensable conditions. In particular, Mr. Campbell avers that the OOJ's reasoning that Dr. Guberman's findings were not reproducible conflicts with the fact that Dr. Guberman consistently found more than 4% whole person impairment. Further, Mr. Campbell asserts that the OOJ's reasoning that the impairment could not have increased due to a lack of treatment was flawed because an injury could worsen due to the lack of authorized treatment in the claim. Finally, Mr. Campbell alleges that Dr. Mukkamala disregarded the compensable CRPS condition, rendering his opinion less credible than Dr. Guberman's.

After review, we find no error in the Board's order affirming the OOJ's decision that affirmed the claim administrator's order dated February 16, 2021. Mr. Campbell's argument that the rationale in the OOJ's decision, as affirmed by the Board, was arbitrary or otherwise flawed, is not persuasive. The OOJ's rationale is not found to be clearly wrong. Further, Mr. Campbell's argument that the compensable condition of CRPS was ignored or disregarded is similarly unfounded. As can be seen by reviewing Dr. Guberman's report, impairment for CRPS can be rated in a range of motion examination as Dr. Mukkamala performed. While Dr. Mukkamala failed to find the signs and symptoms consistent with CRPS, he did acknowledge the condition was compensable. Therefore, we cannot find that the Board was clearly wrong in affirming the OOJ's order.

Accordingly, we find no error in the Board's order affirming the OOJ's order that affirmed the claim administrator's order dated February 16, 2021, which granted no additional permanent partial disability.

Accordingly, we affirm.

Affirmed.

**ISSUED:** January 10, 2023

**CONCURRED IN BY:**

4

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen